◼  MARGARET SCHULMAN et al., Respondents, v. COLONIAL SPRINGS PARK CORPORATION, Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Dutchess County, entered June 27, 1974, in favor of plaintiffs in the amount of $50,000. The judgment was entered pursuant to an order of the same court, dated June 25, 1974, which (1) denied defendant's motion to vacate a stipulation of settlement, (2) granted plaintiffs' cross motion for judgment pursuant

to the stipulation and (3) directed the entry of judgment in favor of plaintiffs. The appeal brings the order up for review. Judgment and order reversed, without costs, defendant's motion granted and plaintiffs' cross motion denied. Plaintiff Margaret Schulman was apparently injured on the evening of November 25, 1968 when she fell on premises owned and maintained by defendant. This action was subsequently brought and, at a pretrial conference held on March 21, 1974, a settlement in the amount of $50,000 was agreed upon. Owing to the illness of the court reporter, no formal stipulation was dictated into the record, but the Justice Presiding duly noted the settlement on his trial calendar. Later that evening, the attorney for defendant's insurer learned from the insurer's adjuster that a misunderstanding had occurred and that when he (the attorney) had sought and apparently been granted authority to settle the action for $50,000, the adjuster had meant to authorize only a $5,000 settlement. Plaintiffs' attorneys were notified of the error the following morning and defendant's instant motion to vacate the settlement was promptly brought. Upon these facts, it was an abuse of discretion not to vacate the stipulation (see *Thermalectric, Inc.* v. *Still-Man Mfg. Corp.*, 43 A D 2d 734). Martuscello, Acting P. J., Latham, Benjamin, Munder and Shapiro, JJ., concur.